**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-10365 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00137-DAE-1 |
| v. | |
| **JOHN ROBERT HARDY,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted October 8, 2013
Honolulu, Hawaii

Before: **KOZINSKI**, Chief Judge, **FISHER** and **WATFORD**, Circuit Judges.

**1.** The district court didn't clearly err when it found Hardy's consent to the officers' entrance into the room to be voluntary. See United States v. Washington, 490 F.3d 765, 769 (9th Cir. 2007). Hardy wasn't in custody. There's no evidence the officers had their guns drawn or told him compliance would be compelled. See

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

United States v. Kim, 25 F.3d 1426, 1432 (9th Cir. 1994).  And, although he wasn't told that he didn't have to consent, he knew he could say no:  He twice refused to let the officers in the hotel room and withheld consent to search the backpack.  See id.

Because Hardy consented to the entry into the hotel room, we need not address whether Hardy had a reasonable expectation of privacy in it.

**2.**  The district court didn't clearly err in finding that Hardy abandoned the backpack by denying ownership.  See United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir. 1986).

**AFFIRMED.**